IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SHAYVONNE BREEDING,<br>as Special Administrator of the<br>Estate of JERRON MALIK WILLIAMS,<br><br>    Plaintiff,<br><br>v.<br><br>**THE UNITED STATES OF AMERICA,**<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action No. 15-cv-496<br>)<br>)<br>)<br>) |

## COMPLAINT

Comes now the Plaintiff, SHAYVONNE BREEDING, as Special Administrator of the Estate of JARRON MALIK WILLIAMS, deceased, by and through her attorneys, Weilmuenster & Keck, P.C., and for her Complaint against the Defendant, THE UNITED STATES OF AMERICA, states as follows:

    1.    That this Court has exclusive jurisdiction over this matter, pursuant to 28 U.S.C. § 1346(b), as this matter involves a claim for money damages within the authority of the Wrongful Death Act of the State of Illinois, 740 ILCS 180/1, against the United States for the wrongful death of JARRON MALIK WILLIAMS caused by the negligent acts and omissions of government agents and/or employees while acting within the scope of their employment.

    2.    That venue is proper, pursuant to 28 U.S.C. § 1346(b), as Plaintiff resides within the Southern District of Illinois, and the care and treatment at issue was provided in Southern District of Illinois.

    3.    That Plaintiff timely presented his Federal Tort Claim Act claim with the U.S. Department of Health and Human Services ("HHS") on July 8, 2014, and said agency having

had six (6) months to investigate said claim, Plaintiff has satisfied the administrative prerequisites to filing this action.

4. That SHAYVONNE BREEDING brings this suit in her capacity as Special Administrator of the Estate of JARRON MALIK WILLIAMS, deceased, pursuant to an Order issued by the Circuit Court, Twentieth Judicial Circuit, St. Clair County, Illinois, appointing SHAYVONNE BREEDING as Special Administrator of the Estate of JARRON MALIK WILLIAMS, deceased for the sole purpose of prosecuting a wrongful death claim pursuant to the Federal Tort Claims Act and the Illinois' Wrongful Death Act, 740 ILCS 180/1 et seq., on behalf of and for the benefit of the Decedent's next of kin.

5. That at all times relevant to this cause of action, the Defendant, THE UNITED STATES OF AMERICA, by and thorough HHS and its agents and/or employees, was a provider of medical care and treatment, including certain care and treatment rendered within Touchette Regional Hospital and Belleville Family Health Center.

6. That on September 3, 2013, the Plaintiff, SHAYVONNE BREEDING and her unborn baby, JARRON MALIK WILLIAMS, presented to Touchette Regional Hospital and came under the care and treatment of agents, servants or employees of the Defendant, THE UNITED STATES OF AMERICA, and this Defendant had the duty to provide such care and treatment in accordance with a reasonably competent medical care provider.

7. That specifically on September 3, 2013, Plaintiff presented to Touchette Regional Hospital with the complaint of fluid leakage during her 26th week of pregnancy.

8. That Plaintiff came under the care of Darrell Ballinger, M.D., who assessed Plaintiff's condition and released her.

9. That at the time of his treatment of Plaintiff within Touchette Regional Hospital, Darrell Ballinger, M.D., was an agent and/or employee of Defendant, THE UNITED STATES OF AMERICA, by and through HHS and the Southern Illinois Healthcare Foundation (SIHF).

10. That during the aforementioned time period, the Defendant, THE UNITED STATES OF AMERICA, by and through its agents, servants and/or employees, was guilty of one or more of the following acts or omissions of negligence:

   a. Failure to timely and properly assess Plaintiff's condition;
   b. Failure to timely and properly order and appropriately perform tests to assess Plaintiff's condition;
   c. Failure to timely and properly admit Plaintiff and institute appropriate treatment to Plaintiff and/or transfer Plaintiff to another medical facility qualified to provide proper treatment for Plaintiff's condition; and
   d. Failure to timely and properly instruct Plaintiff of the risks of premature rupture of membranes and the risks posed by further leakage.

11. That as a direct and proximate result of one or more the aforesaid acts or omissions of negligence on the part of the Defendant, THE UNITED STATES OF AMERICA, the baby, Jarron Malik Williams, died on September 6, 2013.

12. That at the time of his death the decedent, Jarron Malik Williams, left surviving as his next of kin, his mother, Shayvonne Breeding, his father, Ron WIlliams, and his siblings, Matthew Breeding, Talisha Breeding, Teniyah James, Tonya James, Tamirra James, and Jewel Williams.

13. That because of the decedent Jarron Malik Williams's wrongful death, the decedent's next of kin have experienced and will continue to experience grief, sorrow, and mental suffering, and have sustained and will continue to sustain a deprivation of the decedent's society, companionship, guidance, advice, love, affection, and economic support.

14. That attached hereto and made a part hereof, in conformance with 735 ILCS 5/2-622, are both an affidavit of counsel (See Exhibit A), and an affidavit from the healthcare professional (See Exhibit B).

WHEREFORE, the Plaintiff, SHAYVONNE BREEDING, as Special Administrator of Estate of JARRON MALIK WILLIAMS, deceased, prays judgment against the Defendant, THE UNITED STATES OF AMERICA, in an amount reasonable and equitable in excess of Seventy-five Thousand Dollars and 00/100 ($75,000.00), plus cost of suit.

Respectfully Submitted,

WEILMUENSTER & KECK, P.C.

By: _____
J. Michael Weilmuenster
IL No: 6197044
Nathaniel O. Brown
IL No: 06302492

Attorney for Plaintiff
3201 West Main Street
Belleville, Illinois 62226
(618) 257-2222 - Phone
(618) 257-2030 – Fax